UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kathleen Zimmerschied,　　　　　　　　　　　　Civil No. 13-3431 (JRT/JJK)

　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　**REPORT AND RECOMMENDATION**

JP Morgan Chase Bank, N.A.,

　　　　Defendant.

Kathleen Zimmerschied, pro se Plaintiff.

Calvin P. Hoffman, Esq., Stinson Leonard Street LLP, for the Defendant.

　　　　This case is before the Court, United States Magistrate Judge Jeffrey J. Keyes, on Defendant's Motion for Summary Judgment (Doc. No. 51)[1] The Court held a hearing at the U.S. Courthouse, 316 North Robert St., St. Paul,

---

[1] On June 22, 2015, Plaintiff filed an "EXTENTION (sic) plus more information" (Doc. No. 57) in which she referenced documents that she had recently obtained, and she requested until July 1, 2015 to "cull through evidence" and present argument in this case. Though she complained of "incomplete documentation," Plaintiff did not assert that Defendant had failed to respond to any discovery under the Federal Rules of Civil Procedure. On July 1, 2015, Plaintiff filed materials identified as "Discovery," and she submitted a letter to the Court on July 13, 2015 in which she presented argument in opposition to summary judgment. None of the materials filed by the Plaintiff state a request for discovery from the Defendant. Plaintiff's submissions have not been stricken for failure to meet filing deadlines and the Court has reviewed the documents in regard to the motion for summary judgment. The motion for extension of time is therefore **moot**.

Minnesota, on August 12, 2015. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Defendant's motion for summary judgment be granted.

## I. BACKGROUND AND CLAIMS

Plaintiff commenced this lawsuit in Hennepin County District Court and the Defendants removed it to federal court in December 2013. Plaintiff thereafter filed an amended complaint (Doc. No. 11) asserting several statutory and common law claims against Defendant JP Morgan Chase Bank, N.A. ("Chase") and CitiMortgage, Inc. ("CitiMortgage"). The claims arose out Plaintiff's allegations that since 2006 Chase had withdrawn multiple monthly mortgage payments from her personal bank account and a TCF line of credit without properly applying the payments to her mortgage account balance. Chase and CitiMortgage moved to dismiss the amended complaint (Doc. No. 15) in February 2014. In June 2014, the district court issued an Order granting a stipulation (Doc. Nos. 33 and 34) for dismissal of CitiMorgage from the action.

The district court issued an Order on Chase's motion to dismiss (Doc. No. 35) in September 2014. The Court dismissed six claims that the Plaintiff had conceded to be "overreaching" with prejudice, and the Court dismissed claims for fraud and fraudulent disclosure without prejudice. But the Order allowed Plaintiff a 21-day window to file an amended complaint with respect to the fraud and

2

fraudulent disclosure claims. Plaintiff did not file an amended complaint as to the fraud claims, and only a breach of contract claim has survived the motion to dismiss.

Chase now moves for summary judgment on the remaining breach of contract claim, alleging that there are no disputed issues of material fact which would preclude judgment as a matter of law. Chase asserts that Plaintiff did not respond to its requests for admissions; that the matters are therefore deemed admitted under Fed. R. Civ. P. 36(a)(3); and the facts admitted pursuant to Rule 36 establish that Plaintiff cannot maintain her breach of contract claim as a matter of law. Chase also argues that the factual record in the case establishes that certain documents necessary to Plaintiff's claim are not authentic, and Chase is entitled to summary judgment as a matter of law for that reason as well.

## II. STANDARD OF REVIEW

Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The Court must view the evidence, and the inferences that may be reasonably drawn from the evidence, in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to

secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## III.  ANALYSIS

**Breach of Contract Claim.** Plaintiff's breach of contract claim, asserted as Count VIII in her amended complaint, alleges that the Plaintiff and Chase have valid contractual mortgages on which she has been making timely payments since May 2007, and that Chase has accepted those payments but refused to acknowledge them or apply them to Plaintiff's mortgage balance. (Doc. No. 11, Amd. Compl. at 37). The factual support that Plaintiff offered to support her claim is a "LINE OF CREDIT FULL HISTORY STATEMENT" ("the Statement"), a document with a TCF BANK logo that contains a listing of banking transactions occurring between April 2007 and November 2013. The Statement

indicates the dates of numerous "loan advances" and resulting changes in the "loan balance" for the line of credit. (*Id.*, Ex. 2). The Statement appears to indicate that Chase withdrew a total of $216,097.26 from Plaintiff's TCF line of credit, at the rate of $893.38 per month, without any corresponding credit for payments on her mortgage loan. (Doc. No. 53, Def. Mem. at 6). In its Order on the prior motion to dismiss (Doc. No. 35), the district court noted that the amended complaint indeed presented an unusual set of allegations, but that Plaintiff had stated a claim for breach of contract that was sufficiently plausible to survive analysis under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (holding that to survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'") (Doc. 35, Order at 25). The district court noted that the plausibility of the breach of contract claim was somewhat bolstered by entries on the Statement which showed attempted multiple withdrawals in a single month by Chase. (*Id.*; *see also* Am. Compl., Ex. 2 at 6).

**Rule 36 Admissions.** As part of its discovery in this matter, Chase served discovery and requests for admissions on the Plaintiff on March 25, 2013. (Doc. No. 54, Hoffman Dec. ¶1, Ex. 1 at 17-18). Plaintiff did not respond to the discovery requests, and of particular importance to this motion, she did not respond to the requests for admissions. Pursuant to Fed. R. Civ. P. 36(a)(3), "[a]

5

matter is admitted unless [...] the party to whom the request was directed serves on the requesting party a written answer or objection...." Fed. R. Civ. P. 36(a)(3); *see also Wiley v. A & K Auto Sales*, Civ. No. 06–4611 (DWF/AJB), 2008 WL 5244614, at *5 (D. Minn. Dec. 15, 2008) (finding that a request for admission is deemed admitted for purposes of summary judgment when the opposing party fails to respond).

Chase argues that Plaintiff's admissions establish undisputed facts which preclude her breach of contract claim. The admissions cited by Chase are that:

(1) Exhibit 2 to the amended complaint, which purports to be an account history for Zimmerschied's TCF line of credit account, is not an authentic TCF record. (Hoffman Decl., Ex. 1, Request for Admission No. 2.)

(2) Zimmerschied, or someone other than TCF acting on her behalf, created documents, including the document identified as exhibit 2 to the amended complaint, to make it appear that Chase withdrew funds from her TCF line of credit account. (*Id.*, Ex. 1, Requests for Admission Nos. 3-4, 6-7, 10-11.)

(3) Chase has not withdrawn any funds from Zimmerschied's TCF line of credit account. (*Id.*, Ex. 1, Request for Admission No. 12.)

(4) In fact, it is not possible for Chase to withdraw funds from Zimmerschied's TCF line of credit account in the manner alleged in the amended complaint (*i.e.*, via automatic withdrawals). (*Id.*, Ex. 1, Request for Admission No. 13.)

matter is admitted unless [...] the party to whom the request was directed serves on the requesting party a written answer or objection...." Fed. R. Civ. P. 36(a)(3); *see also Wiley v. A & K Auto Sales*, Civ. No. 06–4611 (DWF/AJB), 2008 WL 5244614, at *5 (D. Minn. Dec. 15, 2008) (finding that a request for admission is deemed admitted for purposes of summary judgment when the opposing party fails to respond).

Chase argues that Plaintiff's admissions establish undisputed facts which preclude her breach of contract claim. The admissions cited by Chase are that:

(1) Exhibit 2 to the amended complaint, which purports to be an account history for Zimmerschied's TCF line of credit account, is not an authentic TCF record. (Hoffman Decl., Ex. 1, Request for Admission No. 2.)

(2) Zimmerschied, or someone other than TCF acting on her behalf, created documents, including the document identified as exhibit 2 to the amended complaint, to make it appear that Chase withdrew funds from her TCF line of credit account. (*Id.*, Ex. 1, Requests for Admission Nos. 3-4, 6-7, 10-11.)

(3) Chase has not withdrawn any funds from Zimmerschied's TCF line of credit account. (*Id.*, Ex. 1, Request for Admission No. 12.)

(4) In fact, it is not possible for Chase to withdraw funds from Zimmerschied's TCF line of credit account in the manner alleged in the amended complaint (*i.e.*, via automatic withdrawals). (*Id.*, Ex. 1, Request for Admission No. 13.)

(5)  Chase has applied all payments received from Zimmerschied to the loan secured by the mortgage. (*Id,* Ex. 1, Request for Admission No. 14.)

(6)  Zimmerschied has failed to make the monthly payments required under the mortgage from August 1, 2009, to the present. (*Id.,* Ex. 1, Request for Admission No. 15.)

A breach of contract claim under Minnesota law requires that the plaintiff show (1) formation of a contract, (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant, and (3) breach of the contract by defendant.  (Doc. No. 35, Order at 24 (citing *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011)).)  It is not disputed that Chase serviced a mortgage loan secured by real property owned by the Plaintiff, and that Plaintiff had a line of credit account with TCF Bank.  The above-cited admissions further establish that the Statement which purportedly constituted evidence of Chase's breach of contract was not an authentic TCF record; the statement was created by someone to falsely indicate that Chase made withdrawals from the line of credit account, though Chase had not made such withdrawals and could not have done so in the manner alleged; and Chase did properly apply all payments received from the Plaintiff.  In short, there is no admissible evidence to support the claim that Chase breached it mortgage loan agreement with the Plaintiff.

**Sontag Testimony.** As part of its discovery in this action, Chase took the deposition of David Sontag, a manager of loan servicing with TCF Bank.  Mr. Sontag's testimony was wholly consistent with the admissions, and independently establishes that the TCF line of credit account statement is not an authentic TCF record (Hoffman Decl., Ex. 7 at 17-19); the Statement was substantially different from the corresponding statements in TCF's records (*Id.*, Ex. 7 at 51-57); TCF's records do not reflect the loan advances alleged by the Plaintiff, and Chase did not withdraw any funds from Plaintiff's TCF line of credit account (*Id.*, Ex. 7 at 20-22, 39); and it was not possible for Chase to have withdrawn funds from Plaintiff's TCF line of credit account via automatic withdrawals as alleged in the amended complaint (*Id.*, Ex. 7 at 25-26, 60-61, 95-97).  Plaintiff has put forth no evidence to create a fact dispute as to the substance of Sontag's testimony discrediting the Statement (Compl. Ex. 2) that Plaintiff offered in support of the breach of contract claim.

Summary judgment is appropriate only when no genuine issue of material fact exists, and the nonmoving part is entitled to all the reasonable inferences that can be drawn from the record.  *Residential Funding Co., LLC v. Terrace Mortg. Co.*, 725 F.3d 910, 915 (8th Cir. 2013).  However, to establish a genuine factual issue, a party may not merely rely on unsupported self-serving allegations, but "the [party] must substantiate [its] allegations with sufficient probative evidence that would permit a finding in [its] favor."  *Id.* (quoting *Anda v.*

*Wickes Furniture Co.*, 517 F.3d 526, 531 (8th Cir. 2008). The evidence offered by Plaintiff to support her breach of contract claim has been discredited and she presents no facts to either rehabilitate the discredited evidence or to support her contract cause of action. Defendant Chase is entitled to summary judgment dismissing Plaintiff's breach of contract claim based on Sontag's testimony as well as the matters deemed admitted under Rule 36.

**Plaintiff's Claims in Opposition to Summary Judgment.** For her argument in opposition to Chase's motion, Plaintiff merely alleges that Sontag was either bribed or threatened by TCF to provide perjured deposition testimony. (Doc. No. 61.) Plaintiff also alleges that she and her previous counsel were threatened and coerced to stipulate to the dismissal of CitiMortgage from the case. (*Id.*) Plaintiff has not provided any actual evidence support these accusations or to create a genuine issue of material fact that could allow her breach of contract claim to survive. Plaintiff's bare accusations of threats and coercion by TCF Bank are entirely insufficient as a basis to discredit Sontag's testimony or overcome Chase's arguments in support of summary judgment.

## RECOMMENDATION

It is recommended that Defendant's Motion for Summary Judgment (Doc. No. 51) be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE**.

Date: August 17, 2015

                                             *s/ Jeffrey J. Keyes*
                                             JEFFREY J. KEYES
                                             United States Magistrate Judge

      Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 1, 2015,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

      Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.