# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| KATHLEEN ZIMMERSCHIED,<br><br>Plaintiff,<br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Civil No. 13-3431 (JRT/JJK)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

Kathleen Zimmerschied, 5417 84th Avenue North, Brooklyn Park, MN 55443, *pro se*.

Calvin P. Hoffman, **STINSON LEONARD STREET LLP**, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, for defendant.

Plaintiff Kathleen Zimmerschied brings this action against Defendant JPMorgan Chase Bank, N.A. ("Chase") for breach of contract. Zimmerschied alleges that Chase made numerous electronic withdrawals from her TCF Bank line of credit account over a period of six years, but failed to apply the alleged withdrawals to her mortgage loan, thus breaching the parties' mortgage loan agreement. Chase moved for summary judgment. United States Magistrate Judge Jeffrey J. Keyes issued a Report and Recommendation recommending that the Court grant Chase's motion and dismiss this action with prejudice. (Report and Recommendation ("R&R") at 9, August 17, 2015, Docket No. 67.) The Magistrate Judge concluded that Zimmerschied failed to provide any evidence showing a genuine factual dispute for trial sufficient to overcome various

matters deemed admitted pursuant to Federal Rule of Civil Procedure 36 and uncontroverted deposition testimony offered by Chase.

This matter is now before the Court on Zimmerschied's objections to the R&R. Because the Court concludes, based on a *de novo* review, that there are no genuine issues of material fact as to Zimmerschied's breach of contract claim, the Court will overrule her objections, adopt the R&R, grant Chase's motion for summary judgment, and dismiss this action with prejudice.

## BACKGROUND

This breach of contract action arises from Zimmerschied's allegations that Chase made numerous automatic electronic withdrawals from her personal TCF Bank line of credit account beginning in 2006, without applying or crediting the withdrawals to her mortgage loan serviced by Chase. (Am. Compl. ¶¶ 145-47, Jan. 20, 2014, Docket No. 11.)[1] Zimmerschied asserts that this conduct breached the parties' mortgage loan agreement. (*Id.*) The parties do not dispute that there is a valid mortgage loan secured by real property owned by Zimmerschied, or that Zimmerschied had a line of credit account at TCF Bank.

---

[1] Zimmerschied initially commenced this action in Minnesota state court, but it was removed to federal court on the basis of diversity jurisdiction. (Notice of Removal, Dec. 12, 2013, Docket No. 1); *see* 28 U.S.C. § 1332(a). The amended complaint included CitiMortgage, Inc. ("Citi") as a defendant and also alleged various statutory and tort claims. (Am. Compl. ¶¶ 85-144, 148-52.) This Court dismissed all claims against Citi and all claims, except for breach of contract, against Chase. (Order for Dismissal with Prejudice, June 24, 2014, Docket No. 34; Mem. Op. and Order on Def.'s Mot. to Dismiss, Sept. 23, 2014, Docket No. 35.)

On March 25, 2015, Chase sent Zimmerschied various discovery requests by U.S. Mail, including requests for admission.  (Decl. of Calvin P. Hoffman ("Hoffman Aff."), Ex. 1 at 17-18, 78, May 26, 2015, Docket No. 54.).  Zimmerschied did not respond to any of Chase's discovery requests and, importantly, did not respond to the requests for admission.  Several months later, Chase moved for summary judgment.  (Def.'s Mot. for Summ. J., May, 26, 2015, Docket No. 51.)  On August 17, 2015, the Magistrate Judge issued an R&R recommending that summary judgment be granted in favor of Chase and that the action be dismissed with prejudice.  (R&R at 9, Aug. 17, 2015, Docket No. 67.)

The Magistrate Judge, in making this recommendation, found that there were no genuine issues of material fact as to whether Chase breached the mortgage loan agreement.  (*Id.* at 9.)  According to the Magistrate Judge, the only evidence that Zimmerschied offered in support of her claim was an alleged account statement from TCF Bank that appeared to list all of Chase's automatic withdrawals. (*Id.* at 7, 9; *see* Am. Compl., Ex. 2.)  However, the Magistrate Judge found that this account statement was discredited as inauthentic by Zimmerschied's own Rule 36 admissions, which resulted from her failure to respond to Chase's requests for admission.  (R&R at 7, 9.)  The Magistrate Judge cited six pertinent admissions by Zimmerschied:

> (1) Exhibit 2 to the amended complaint, which purports to be an account history for Zimmerschied's TCF line of credit account, is not an authentic TCF record.
>
> (2) Zimmerschied, or someone other than TCF acting on her behalf, created documents, including the document identified as exhibit 2 to the amended complaint, to make it appear that Chase withdrew funds from her TCF line of credit account.

>   (3) Chase has not withdrawn any funds from Zimmerschied's TCF line of credit account.
>
>   (4) In fact, it is not possible for Chase to withdraw funds from Zimmerschied's TCF line of credit account in the manner alleged in the amended complaint (*i.e.*, via automatic withdrawals).
>
>   (5) Chase has applied all payments received from Zimmerschied to the loan secured by the mortgage.
>
>   (6) Zimmerschied has failed to make the monthly payments required under the mortgage from August 1, 2009, to the present.

(*Id.* at 5-7 (citations omitted).)

The Magistrate Judge also cited deposition testimony offered by Chase from David Sontag, a manager of loan servicing at TCF Bank. (*Id.* at 8-9.) The Magistrate Judge stated that Sontag's

> testimony was wholly consistent with the admissions, and independently establishes that the TCF line of credit account statement is not an authentic TCF record; the Statement was substantially different from the corresponding statements in TCF's records; TCF's records do not reflect the loan advances alleged by the Plaintiff, and Chase did not withdraw any funds from Plaintiff's TCF line of credit account; and it was not possible for Chase to have withdrawn funds from Plaintiff's TCF line of credit account via automatic withdrawals as alleged in the amended complaint.

(*Id.* at 8 (citations omitted).)

Altogether, the Magistrate Judge found that Zimmerschied failed to produce any evidence to support her claim or to rebut her admissions and the Sontag testimony, thus entitling Chase to summary judgment. (*Id.* at 9.)

Zimmerschied filed objections to the R&R on August 31, 2015, and September 28, 2015. (Direct Comment on Doc. 67, Aug. 31, 2015, Docket No. 69; Resp. to Defs.' Resp., Sept. 28, 2015, Docket No. 74.) She appears to raise two objections. First,

Zimmerschied asserts that she never received Chase's requests for admission. Because she never received the requests, she argues that the six facts cited by the Magistrate Judge in the R&R should not have been deemed admitted pursuant to Rule 36. Absent these admissions, Zimmerschied contends that the TCF Bank account statement is authentic and, therefore, that it creates a genuine issue of material fact necessitating trial.

Second, Zimmerschied asserts that Sontag's deposition testimony was false, that Chase paid him to lie, and that Chase coerced him into giving misleading testimony. To support this objection, Zimmerschied offers an unsworn letter allegedly written by Patty Buss and addressed to the Magistrate Judge. (Letter to Magistrate Judge ("Buss Letter"), Aug. 28, 2015, Docket No. 68.) In the Buss Letter, dated June 15, 2015, and filed with the Court on August 28, 2015, a person identifying herself as Buss writes that (1) she is Senior Vice President of Retail Loan Operation at TCF Bank, (2) she is writing at the request of Zimmerschied, (3) Sontag's deposition testimony was false, (4) "Sontag was paid by JPMorgan Chase to present any accounts in the most favorable light to JPMorgan Chase," and (5) she was instructed by Chase "not to release any records to Ms. Zimmerschied." (*Id.* at 1.) The Buss Letter also includes several attachments purporting to show a series of fund transfers occurring on March 20, 2015. (*Id.*, Ex. 1.) According to Zimmerschied, the Buss Letter discredits Sontag's deposition testimony and creates a genuine fact dispute for trial.

# DISCUSSION

## I. STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

## II. SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). Summary judgment is appropriate if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "To defeat a motion for summary judgment, a party may not rest upon allegations, but must produce probative

evidence sufficient to demonstrate a genuine issue [of material fact] for trial." *Davenport v. Univ. of Ark. Bd. of Trs.,* 553 F .3d 1110, 1113 (8th Cir. 2009) (citing *Anderson*, 477 U.S. at 247-49).

### III.   ZIMMERSCHIED'S OBJECTIONS

#### A.   Rule 36 Admissions

As noted above, Zimmerschied argues that she never received Chase's Rule 36 requests for admission. Evidence in the record, however, contradicts this assertion. First, Chase has offered an affidavit of service which indicates that it sent its discovery requests, including the requests for admission, to Zimmerschied by U.S. Mail on March 25, 2015. (Hoffman Aff., Ex. 1 at 17-18, 78.). Notably, the address to which the requests were sent – 5417 84th Avenue North, Brooklyn Park, MN 55443 – is the same address that Zimmerschied has listed in all of her submissions to the Court.

Second, Zimmerschied appears to acknowledge in her own filings with the Court that she eventually received a copy of the requests for admission as an exhibit to Chase's summary judgment motion. For example, on June 22, 2015, Zimmerschied filed a motion for an extension of time to reply to Chase's summary judgment motion. (Mot. for Extension of Time, June 22, 2015, Docket No. 57.) In that motion, she wrote that she "didn't receive the [summary judgment] motion from . . . Chase until more than a week after mailing . . . ." (*Id.* at 1.) Further, in her September 28, 2015 response, Zimmerschied acknowledged that she received Chase's summary judgment motion by mail on June 2, 2015. (Resp. to Defs.' Resp. at 3 ("Plaintiff received the May 26, 2015

documents on June 2, 2015 . . . .").) As Chase argues, the requests for admission were included as an exhibit to Chase's summary judgment motion.  Thus, if Zimmerschied received Chase's motion, it follows that she also received the attached requests for admission.

Third, although Zimmerschied appears to acknowledge that she received the requests for admission on June 2, 2015, she did not raise, address, or explain her failure to respond when this matter was before the Magistrate Judge.  (R&R at 9.)  She raises this argument for the first time in her objection to the R&R.

Overall, based on the above, the Court finds that Zimmerschied's assertion that she never received Chase's requests for admission is not credible.  "The law presumes [that] documents mailed . . . were received" and a "mere denial is insufficient to overcome this presumption."  *Stephenson v. El-Batrawi*, 524 F.3d 907, 913 (8th Cir. 2008).  Here, evidence in the record overwhelmingly suggests that Zimmerschied did receive the requests for admission, and she has alleged no specific facts, other than her mere denial, to show otherwise.  Thus, the Court will overrule Zimmerschied's objection. And, because Zimmerschied failed to respond to Chase's requests for admission, the Court finds that all matters included within the requests, including those matters specifically cited by the Magistrate Judge in the R&R, are deemed admitted under Rule 36.  *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless . . . the party to whom the request was directed serves on the requesting party a written answer or objection . . . .").  The Court will consider the admissions in determining whether to grant Chase's motion for summary judgment.  *See Wiley v. A&K Auto Sales*, No. 06-4611, 2008 WL

5244614, at *5 (D. Minn. Dec. 15, 2008) (granting plaintiff's summary judgment motion after noting that defendant failed to timely respond to a request for admission).

### B. Sontag Testimony and Buss Letter

Zimmerschied next cites the Buss Letter and argues that it establishes a genuine factual dispute for trial because it discredits Sontag's perjured and coerced deposition testimony. However, evidence in the record suggests that the Buss Letter is not authentic and was not written by Patty Buss.

In response to Zimmerschied's R&R objections, Chase filed an affidavit from Patricia A. Buss, otherwise known as Patty Buss. (Aff. of Patricia A. Buss, Sept. 15, 2015, Docket No. 72.) In the affidavit, Buss asserts that (1) she is a Senior Vice President at TCF Bank and Director of Retail Loan Operations; (2) she did not "draft, review, or sign" the Buss Letter or any of its attachments; (3) Zimmerschied never asked her to write a letter to the Magistrate Judge; (4) someone other than her created the letter and copied her signature to it; (5) she has never reviewed Sontag's deposition testimony; and (6) she has no reason to believe that Sontag's deposition testimony was false, paid for, or the product of coercion. (*Id.* ¶¶ 1, 5-7, 9, 15, 19-21.)

In light of the above-cited affidavit, the Court finds that the Buss Letter does not give rise to a genuine issue of material fact for trial. No reasonable juror could conclude, on the basis of the Buss Letter or Zimmerschied's unsupported allegations, that Sontag's deposition testimony was false or the product of bribery and coercion. The Court will thus overrule Zimmerschied's objection.

### C.     Breach of Contract

Having reviewed and made findings on Zimmershied's objections, the Court will now consider *de novo* whether to grant Chase's motion for summary judgment. To succeed on a claim for breach of contract under Minnesota law, a "plaintiff must show (1) formation of a contract, (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant, and (3) breach of the contract by defendant." *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011).

Here, Zimmerschied's Rule 36 admissions establish that (1) Chase did not withdraw funds from her TCF line of credit account; (2) Exhibit 2 to her amended complaint, purporting to show the Chase withdrawals, is not authentic; and (3) Chase applied all payments received by Zimmerschied to the loan secured by her mortgage. (Hoffman Aff., Ex. 1 at 17-18.) Additionally, deposition testimony from Sontag corroborates these admissions.

Zimmerschied, meanwhile, has put forth no admissible evidence to rehabilitate the evidence discredited by her Rule 36 admissions (specifically, Exhibit 2 to her Amended Complaint) or to show that Chase breached the mortgage loan agreement. As noted above, the Court also concludes that the Buss Letter does not raise a genuine issue of material fact as to the truthfulness or falsity of Sontag's deposition testimony. Zimmerschied's opposition thus rests solely on her unsupported allegations that Chase withdrew money from her TCF account and that Sontag gave false testimony. These bare assertions are insufficient to survive summary judgment. *See Davenport*, 553 F .3d at

1113 ("To defeat a motion for summary judgment, a party may not rest upon allegations, but must produce probative evidence sufficient to demonstrate a genuine issue [of material fact] for trial.").

Because there is no evidence to establish a genuine issue of material fact as to whether Chase breached the mortgage loan agreement, the Court finds that Chase's motion for summary judgment should be granted and the matter should be dismissed with prejudice.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Plaintiff's objections [Docket Nos. 68 and 74] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated August 17, 2015 [Docket No. 67].  Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment [Docket No. 51] is **GRANTED**.

2. This action is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  November 5, 2015  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court